[Cite as *State v. Williams*, 2021-Ohio-3704.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2021-05-016 |
| | : | O P I N I O N |
| - vs - | | 10/18/2021 |
| | : | |
| PATRICIA A. WILLIAMS, | : | |
| Appellee. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI20-500-261


Andrew T. McCoy, Clinton County Prosecuting Attorney, and Melvin Planas, Assistant Prosecuting Attorney, for appellant.

Alycia Bemmes, Clinton County Public Defender, and Amanda Waechter, Assistant Public Defender, for appellee.


**PIPER, J.**

{¶ 1} Appellant, the state of Ohio, appeals a decision of the Clinton County Court of Common Pleas granting a motion to suppress in favor of appellee, Patricia Williams.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purpose of issuing this opinion.

{¶ 2} An officer was on duty in a marked cruiser when he observed Williams driving her vehicle on a street in Wilmington, Ohio. The officer recognized Williams from prior encounters with her, and learned through police dispatch that Williams had a suspended driver's license. The officer performed a traffic stop, and Williams acknowledged that she was aware of her license suspension.

{¶ 3} During his investigation into Williams' suspended license, the officer asked Williams if she had any weapons in her vehicle. Williams answered that she did not. The officer then asked, "nothing in the car I need to know about at all?" When Williams again answered "no," the officer asked, "would you mind if I looked?" and Williams responded, "I don't care." Williams then exited her vehicle, leaving her purse in the front seat.

{¶ 4} The officer searched the car, including her purse, and discovered a plastic bag of methamphetamine within Williams' purse. Williams was indicted on one count of aggravated possession of drugs. Williams filed a motion to suppress. The trial court held a hearing during which the officer testified, and a video was shown of the stop as recorded on the officer's body camera.

{¶ 5} After the hearing, the trial court ruled in favor of Williams, finding that the search violated Williams' Fourth Amendment rights because her voluntary consent to search her car did not extend to the search of her purse. The state now appeals the trial court's ruling, raising the following assignment of error:

{¶ 6} WHETHER THE FOURTH AMENDMENT IS VIOLATED WHERE A DEFENDANT VOLUNTARY [SIC] CONSENTS TO THE SEARCH OF HER AUTOMOBILE AND THE OFFICER EXTENDS THE SEARCH TO THE CONTENTS OF ANY CONTAINERS FOUND WITHIN SAID VEHICLE.

{¶ 7} The state argues in its assignment of error that the trial court erred in granting Williams' motion to suppress.

{¶ 8} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Taste*, 12th Dist. Madison No. CA2020-06-012, 2021-Ohio-3286, ¶ 11-12. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Nelson*, 12th Dist. Clermont No. CA2017-08-042, 2018-Ohio-2819, ¶ 17. Thus, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*

{¶ 9} An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard. *State v. Reedijk*, 12th Dist. Warren No. CA2020-12-086, 2021-Ohio-2879.

{¶ 10} The Fourth Amendment to the United States Constitution assures the right against unreasonable searches and seizures. *State v. Marcum*, 12th Dist. Butler No. CA2017-05-057, 2018-Ohio-1009. Warrantless searches and seizures are unreasonable under the Fourth Amendment except for a few well-delineated exceptions, one of which is consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 228, 93 S.Ct. 2041 (1973). "A police officer's request for consent to search a vehicle stopped for a traffic violation is valid if it is made, and voluntary consent is obtained, during the period of time reasonably necessary to process the traffic citation * * * in other words, while the driver is lawfully detained for the traffic violation." *State v. Sexton*, 12th Dist. Butler No. CA2019-08-133, 2020-Ohio-4179, ¶ 25.

{¶ 11} In support of its argument that the officer did not violate Williams' rights, the state relies upon *State v. Tepfenhart*, 2d Dist. Clark No. 2018-CA-130, 2019-Ohio-4599. In that case, an officer stopped a vehicle because the driver was driving erratically. The officer suspected the driver was under the influence of narcotics and asked the driver for consent

to search the vehicle, but did not inform the driver of his purpose for searching. The driver gave consent without limitation. The officer searched the car, including a purse that was in the front of the vehicle. Inside the purse, the officer located a flexible glasses case that was open on one side. Within the case, the officer discovered a napkin wrapped around two plastic baggies of heroin. When the driver moved to suppress the drugs, the trial court denied the request, and the driver appealed.

{¶ 12} The *Tepfenhart* court determined that the driver's open-ended consent to search her vehicle extended to consent to search the purse found within. The court noted that the standard for measuring the scope of consent is that of "objective reasonableness – what would the typical reasonable person have understood by the exchange between the police officer and the [consenting person]?" *Id.* at ¶ 8. As such, the subjective intentions of the requesting officer or driver are not relevant. *Id.* citing *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 667 (5th Cir.2003).

{¶ 13} The court noted that the United States Supreme Court has determined that consent to search a vehicle can include closed containers within it when such consent is granted without limitation. *Florida v. Jimeno*, 500 U.S. 248, 111 S.C.t 1801 (1991). "Thus, when a person is informed of the item or items (usually drugs, weapons, or both) for which the consent to search is being sought, and then consent is granted without limitation, the consent includes unlocked but closed containers (such as a purse) that could contain the announced subject of the search." *Id.* at ¶ 10, citing *State v. Boling*, 2d Dist. Montgomery No. 25310, 2013-Ohio-4813, ¶ 21; *State v. Stepp*, 4th Dist. Scioto No. 09CA3328, 2010-Ohio-3540, ¶ 31.

{¶ 14} The *Tepfenhart* court then went on to analyze whether consent is extended to closed, but easily opened, containers within the vehicle when the officer does not inform the driver of what he or she is looking for. The court concluded that a driver's "general

open-ended consent included her purse and the glasses case within the purse. A person who grants an open-ended consent to search her vehicle should reasonably understand that the search will include readily-opened, closed containers located inside the vehicle." The court further determined that the officer's failure to articulate the reason for the requested consent did not alter the conclusion "because a reasonable person should understand that a police officer seeking general permission to search a vehicle is looking for evidence of illegal activity * * * [and] that such evidence might be [located] in closed containers." *Id.*

{¶ 15} In the case sub judice, the officer directly asked Williams if there were any weapons in her vehicle and when she responded no, asked again whether there was anything in the car he needed to know about. When Williams again answered no, the officer asked if she would mind if he checked. Thus, Williams was expressly aware that the officer would be searching the vehicle for weapons or other items the officer would have needed to know about, which could be easily found in her purse. The fact that the officer may have actually been looking for drugs does not change the fact that Williams was readily aware of the parameters of the officer's intended search, and that a search for weapons or items of interest to a police officer would include her purse.

{¶ 16} However, and even if Williams was not aware that the officer could search for weapons or instrumentalities of a crime, her open-ended consent included the purse because a reasonable person would understand that an officer who asks for permission to search an area is looking for evidence of illegal activity, which can be located in containers within the vehicle.

{¶ 17} The trial court did not analyze the issue in this manner. Instead, the trial court relied upon a case wherein a driver with multiple passengers was stopped. *State v. Raslovsky*, 2d Dist. Clark No. 2019-CA-55, 2020-Ohio-515. The driver gave officers

consent to search *her own* car and purse, but the court determined that the driver's consent to search her own purse and vehicle did not extend to a search of *the passenger's* purse. However, the facts of the case sub judice are readily distinguishable from *Raslovsky* because Williams, who was the driver rather than a passenger, gave the officer consent to search *her own* vehicle in which *her own* purse was located.  Thus, the trial court's reliance upon *Raslovsky* was misplaced.

{¶ 18} The correct inquiry is whether a reasonable person would have understood that by the officer asking about weapons or items he needed to know about and then asking to "check" the vehicle, that officer could search containers within the vehicle.  The answer here is that such understanding is reasonable under the circumstances where the officer specifically referenced weapons or other items he needed to know about, Williams responded that there were none, and then gave an open-ended and limitless consent to the officer to verify her response by searching her vehicle.

{¶ 19} After reviewing the record, we find that Williams gave her consent to search her vehicle and that such consent applied to the purse she left in the front seat.  As such, the trial court erred in granting Williams' motion to suppress and the state's single assignment of error is sustained.

{¶ 20} Judgment reversed, and the cause is remanded for further proceedings.

HENDRICKSON and BYRNE, JJ., concur.